UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLATINUM REALTY AND HOLDINGS, LLC, <br><br>　　　　　　Plaintiff, <br><br>　vs. <br><br>RANDALL M. LEE, et al., <br><br>　　　　　　Defendants. | Case No.: 2:13−cv−00535−GMN−NJK <br><br>**ORDER** |

Pending before the Court is the Motion for Preliminary Injunction (ECF No. 21) filed by Plaintiff Platinum Realty and Holdings, LLC ("Plaintiff").

## I.　BACKGROUND

On October 11 1999, Defendant Randall M. Lee ("Lee") obtained title to real property located at 1070 Havenworth Avenue, Las Vegas, Nevada 89123 (the "Property") via Quit Claim deed. (Compl. ¶ 5, ECF No. 1; Req. for Jud. Notice, Exhibit B, ECF No. 6.) On October 23, 2004, Lee executed a deed of trust, which was recorded as an encumbrance to the Property on November 8, 2004. (Req. for Jud. Notice, Exhibit C, ECF No. 6.) Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is the current beneficiary and successor in interest to that deed of trust. (Compl. ¶ 10, ECF No. 1.)

The Property was subject to certain HOA dues owed to the Silverado Homeowners Association (the "HOA"), which Lee failed to pay. (Compl. ¶ 7, ECF No. 1.) On September 2, 2011, the HOA recorded a homeowner's association lien (the "HOA Lien") against the Property. (Compl. ¶ 7, ECF No. 1.) On September 18, 2012, the HOA foreclosed on the HOA Lien, and subsequently recorded a Trustee's Deed on September 19, 2012 transferring its interest in the Property to Plaintiff as the successful bidder in a foreclosure sale. (Compl. ¶¶ 11, 13, ECF No. 1.)

On February 13, 2013, Plaintiff filed the instant action seeking quiet title and a declaration that pursuant to NRS 116.3116, et seq., "[t]he failure by [Wells Fargo] to pay the sums required under said statute by the HOA Lien foreclosure sale date constitutes a loss of [Wells Fargo]'s security." (Compl. ¶ 25, ECF No. 1.)  Alternatively, Plaintiff alleges that Wells Fargo's "failure to cure the Superpriority Lien of the HOA under NRS 116.3116 constitutes a loss of the security of [Wells Fargo] upon the foreclosure of the HOA Lien." (Compl. ¶ 26, ECF No. 1.)

Wells Fargo recorded a Breach and Election to Sell on October 24, 2012, and is now proceeding to foreclose on the Property. (Compl. ¶ 15, ECF No. 1.)  A foreclosure sale of the Property was set to be conducted by Wells Fargo at 10:00 a.m. on January 15, 2014. (Motion for Temp. Restraining Order 1:21-25, ECF No. 20.)  To prevent Wells Fargo from conducting this sale, Plaintiff filed an Ex Parte Motion for Temporary Restraining Order (ECF No. 20) and a Motion for Preliminary Injunction (ECF No. 21) on January 10, 2014.  The Court granted the Temporary Restraining Order on January 13, ordered Plaintiff to serve its Preliminary Injunction Motion on the Defendants, and set this matter for a hearing on January 28 at 2:00 p.m. (ECF No. 22.)

On January 27, the Court ordered the parties to show cause at the January 28 hearing as to why the inclusion of Lee as a party in this action does or does not destroy this Court's diversity jurisdiction pursuant to 28 U.S.C. § 1332 and thereby necessitates that this action be remanded to the state court. (ECF No. 25.)  Wells Fargo filed its Opposition to the Motion for Preliminary Injunction on January 27, 2014. (ECF No. 26.)

At the January 28 hearing on the Motion for Preliminary Injunction (ECF No. 21), the Court declined to rule on the issue of remand and **GRANTED** Plaintiff's Motion for Preliminary Injunction (ECF No. 21.) This written order follows.

II.     **LEGAL STANDARD**

Preliminary injunctions and temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a "court may issue a preliminary injunction only on notice to the adverse party." Fed. R. Civ. P. 65(a)(1).

In contrast, a "court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1). A temporary restraining order "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 439 (1974).

"A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id*. at 22. "[C]ourts must balance the competing claims of injury and must consider the effect on each party of the granting or withholding of the requested relief." *Id*. at 24 (internal quotation marks omitted).

The Ninth Circuit has held that "serious questions going to the merits and a hardship balance that tips sharply toward the plaintiff can support issuance of an injunction, assuming the other two elements of the *Winter* test are also met." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1132 (9th Cir. 2011) (internal quotation marks omitted).

"In deciding a motion for a preliminary injunction, the district court 'is not bound to decide doubtful and difficult questions of law or disputed questions of fact.'" *Int'l Molders' & Allied Workers' Local Union No. 164 v. Nelson*, 799 F.2d 547, 551 (9th Cir. 1986) (quoting *Dymo Indus., Inc. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964)).

"The urgency of obtaining a preliminary injunction necessitates a prompt determination and makes it difficult to obtain affidavits from persons who would be competent to testify at trial." *Flynt Distrib. Co., Inc. v. Harvey*, 734 F.2d 1389, 1394 (9th Cir. 1984). "The trial court may give even inadmissible evidence some weight, when to do so serves the purpose of preventing irreparable harm before trial." *Id*.

## III. DISCUSSION

In this case, the Court finds that Plaintiff has met its burden under *Alliance for the Wild Rockies* and *Winter* and that a preliminary injunction order prohibiting the foreclosure and sale of the Property is necessary to maintain the status quo through the pendency of this action.

### A. Serious Questions Going to the Merits

Plaintiff seeks quiet title to the Property and a declaration that pursuant to Nev. Rev. Stat. § 116.3116(2)(c), foreclosure on a nine-month "super priority" HOA lien extinguishes all junior liens, including a first recorded mortgage lien. In contrast, Wells Fargo asserts that Nev. Rev. Stat. § 116.3116(2)(c) merely creates a payment priority to ensure that an HOA is compensated for any loss or maintenance on a property that is in foreclosure or vacant, rather than creating a superior security interest that if foreclosed upon would extinguish a prior recorded security interest.

Section 116.3116(2)(c) of the Nevada Revised Statutes expressly provides that an HOA lien is "prior to all security interests described in paragraph (b) to the extent of the assessments … which would have become due … during the 9 months immediately

preceding institution of an action to enforce the lien." The type of security interest described in paragraph (b) is a "first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Wells Fargo holds such an interest. The statute, however, fails to provide any guidance concerning whether a foreclosure on the "super priority" HOA lien extinguishes a first security interest or merely ensures first payment of that portion of the HOA lien at the foreclosure of the first security interest.

Given the lack of guidance on this issue provided in the statute and the varying interpretations that the Nevada state courts and the judges of this district have given for this statute, the Court finds strong questions going to the merits of Plaintiff's request for a declaration that a first recorded deed of trust is extinguished when an HOA forecloses on an HOA lien. *Compare SFR Investments Pool 1, LLC v. Wells Fargo Bank, N.A.*, No. 2:13-cv-01153-APG-PAL (D. Nev. July 25, 2013) (concluding that the HOA had established a likelihood of succeeding on the merits of its claim that foreclosure of the super priority portion of the HOA lien extinguished a first recorded Deed of Trust), *and First 100, LLC v. Burns*, No. A677693 (8th Judicial D. Ct. Clark Cnty., Nev. May 30, 2013) (concluding that, pursuant to Chapter 116 of the Nevada Revised Statutes, the non-judicial foreclosure of an HOA lien extinguishes prior recorded security interests), *with Bayview Loan Servicing, LLC v. Alessi & Koenig, LLC*, No. 2:13-cv-00164-RCJ-NJK, 2013 WL 2460452 (D. Nev. June 6, 2013) (granting summary judgment in favor of lender's assignee and holding that the foreclosure of an HOA lien did not extinguish the first mortgage).

**B.   Likelihood of Irreparable Harm**

To carry its burden, Plaintiff must also establish that it will likely suffer irreparable harm without the issuance of injunctive relief. *Winter*, 555 U.S. at 21.

Plaintiff must "demonstrate a likelihood of irreparable injury—not just a possibility—in order to obtain preliminary relief." *Id.* At bottom, Plaintiff must show that "remedies available at law, such as monetary damages, are inadequate to compensate for th[e] injury." *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006).

Without the requested injunction, Defendants will likely sell the property at a future foreclosure sale. Given the uncertainty in the law, Plaintiff will suffer irreparable harm if the courts determine that Wells Fargo's foreclosure extinguishes or encumbers their title in the Property. In addition, a foreclosure sale by Wells Fargo will likely add the purchaser at the sale as an additional party to the litigation, increasing the expense of litigation and further complicating the matter.

### C. Balance of Equities Tips Sharply Toward Plaintiff

The balance of equities tips sharply in favor of Plaintiff because, without this injunction, Wells Fargo may sell the property and this sale may extinguish or encumber Plaintiff's interest and unnecessarily increase the costs of litigation and complexity of the issues before the Court resolves the merits of Plaintiff's declaratory judgment action.

### D. Public Interest

"The public interest analysis for the issuance of [injunctive relief] requires [district courts] to consider whether there exists some critical public interest that would be injured by the grant of preliminary relief." *Alliance for the Wild Rockies*, 632 F.3d at 1138 (citation omitted). In this case, the Court finds no reason that the public interest would be harmed by the issuance of the requested injunction. Accordingly, the lack of harm to the public interest also supports Plaintiff's requested relief.

### IV. BOND

Rule 65(c) of the Federal Rules of Civil Procedure requires that "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the

court considers proper to pay the costs and damages sustained by any party found to have been wrongfully . . . restrained." Fed. R. Civ. P. 65(c).  Thus, the primary purpose of such a bond is to safeguard Defendants from costs and damages incurred as a result of a preliminary injunction improvidently issued.

Considering the potential loss to Wells Fargo in being unable to immediately obtain at least partial repayment of the debt by foreclosing on its asserted interest in the Property, the Court finds that a bond in an amount equal to $1,000.00, in addition to the $500.00 bond already posted by Plaintiff for the Temporary Restraining Order, is appropriate.  Accordingly, Plaintiff shall post such a bond within 14 days of the issuance of this Order.

## IV.     CONCLUSION

**IT IS HEREBY ORDERED** that that Plaintiff's Motion for Preliminary Injunction (ECF No. 21) is **GRANTED** in that Wells Fargo is enjoined from initiating foreclosure proceedings on and selling the Property.  Proceedings in this action before the Court, including discovery, shall continue without hindrance.

**IT IS FURTHER ORDERED** that this Injunctive Order will continue until the Nevada Supreme Court adequately interprets Nev. Rev. Stat. § 116.3116 to allow this Court to determine the interests of the parties in the Property following the foreclosure sale of the 9-month HOA super priority lien under the statute.

DATED this 28th day of January, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge