UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| PLATINUM REALTY AND HOLDINGS, LLC, | ) ) ) |
| Plaintiff/Appellant, | ) Case No.: 2:13-cv-00535-GMN-NJK ) |
| vs. | ) **ORDER** ) |
| RANDALL M. LEE, et al., | ) ) |
| Defendants/Respondents. | ) ) |

Before the Court is the question of whether to stay this action pending certification of question to the Nevada Supreme Court. The Court conducted a hearing on February 28, 2014, and issued a bench ruling in the affirmative. (ECF Nos. 30, 31.) Accordingly, this Order serves to memorialize the Court's bench ruling.

**I.  BACKGROUND**

On October 11, 1999, Defendant Randall M. Lee ("Lee") obtained title to real property located at 1070 Havenworth Avenue, Las Vegas, Nevada 89123, APN #177-22-811-105 (the "Property") via Quit Claim deed. (Compl. ¶ 5, ECF No. 1; Req. for Jud. Notice, Exhibit B, ECF No. 6-2.) On October 23, 2004, Lee executed a Deed of Trust,[1] which was recorded as an encumbrance to the Property on November 8, 2004. (Req. for Jud. Notice, Exhibit C, ECF No. 6-3.) Defendant Wells Fargo Bank, N.A. ("Wells Fargo") is the current beneficiary and successor in interest to that deed of trust. (Req. for Jud. Notice, Exhibit F, ECF No. 6-6; Compl. ¶ 10, ECF No. 1.)

The Property was subject to certain HOA dues owed to the Silverado Homeowners Association (the "HOA"), which Lee failed to pay. (Req. for Jud. Notice, Exhibit C pp. 17-19,

---

[1] The Deed of Trust was recorded in Clark County as Book and Instrument No. 20041108-0002702. (Req. for Jud. Notice, Exhibit C, ECF No. 6-3.)

ECF No. 6-3; Compl. ¶ 7, ECF No. 1.)  On September 2, 2011, the HOA recorded a homeowner's association lien (Req. for Jud. Notice, Exhibit E, ECF No. 6-5) (the "HOA Lien")[2] against the Property. (Compl. ¶ 7, ECF No. 1.)  On September 18, 2012, the HOA foreclosed on the HOA Lien and subsequently recorded a Trustee's Deed[3] (Req. for Jud. Notice, Exhibit K, ECF No. 6-11) on September 19, 2012, transferring its interest in the Property to Plaintiff Platinum Realty and Holdings, LLC ("Platinum Realty") as the successful bidder in a foreclosure sale. (Compl. ¶¶ 11, 13, ECF No. 1.)

Wells Fargo recorded a Notice of Breach and Election to Sell[4] (Req. for Jud. Notice, Exhibit L, ECF No. 6-12) on October 24, 2012 and a Notice of Trustee's Sale[5] (Req. for Jud. Notice, Exhibit N, ECF No. 6-14) on January 31, 2013, and attempted to foreclose on the Property. (Compl. ¶¶ 15-16, ECF No. 1.)

On February 13, 2013, Platinum Realty filed the instant action seeking quiet title and a declaration that pursuant to NRS 116.3116, et seq., "[t]he failure by [Wells Fargo] to pay the sums required under said statute by the HOA Lien foreclosure sale date constitutes a loss of [Wells Fargo]'s security." (Compl. ¶ 25, ECF No. 1.)  Alternatively, Platinum Realty alleges that Wells Fargo's "failure to cure the Superpriority Lien of the HOA under NRS 116.3116 constitutes a loss of the security of [Wells Fargo] upon the foreclosure of the HOA Lien." (Compl. ¶ 26, ECF No. 1.)  Wells Fargo responded by filing a Motion to Dismiss the Complaint on March 28, 2013 alleging that "[t]he language in N.R.S. 116.3116(2)(b) is clear as to the priority of title regarding Deeds of Trust and HOA Liens. The [statute] unambiguously

---

[2] The HOA Lien was recorded in Clark County as Book and Instrument No. 20110902-0000092. (Req. for Jud. Notice, Exhibit E, ECF No. 6-5.)
[3] The Trustee's Deed was recorded in Clark County as Book and Instrument No. 20120919-0002086. (Req. for Jud. Notice, Exhibit K, ECF No. 6-11.)
[4] The Notice of Breach and Election to Sell was recorded in Clark County as Book and Instrument No. 20121024-0002606. (Req. for Jud. Notice, Exhibit L, ECF No. 6-12.)
[5] The Notice of Trustee's Sale was recorded in Clark County as Book and Instrument No. 20130131-0003045. (Req. for Jud. Notice, Exhibit N, ECF No. 6-14.)

states that the Silverado HOA Lien is junior to Wells Fargo's Lien." (Mot. to Dismiss 6:17-21, ECF No. 4.)

On July 23, 2013, the Court entered an Order of Dismissal pursuant to Federal Rule of Civil Procedure 4(m) dismissing Defendant Lee from the case for failure to file proper proof of service.[6]  A foreclosure sale of the Property was set to be conducted by Wells Fargo on January 15, 2014. (Motion for Temp. Restraining Order 1:21-25, ECF No. 20.)  To prevent Wells Fargo from conducting this sale, Platinum Realty filed an Ex Parte Motion for Temporary Restraining Order (ECF No. 20) and a Motion for Preliminary Injunction (ECF No. 21) on January 10, 2014.  The Court granted the Temporary Restraining Order on January 13, 2014 (ECF No. 22), and on January 28, 2014, entered an Order granting Platinum Realty's Motion for a Preliminary Injunction. (ECF No. 28.)

## II. LEGAL STANDARD

The Nevada Supreme Court may answer questions of law "which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state." Nev. R. App. P. 5.

Rule 5 of the Nevada Rules of Appellate Procedure, "Certification of Questions of Law," provides, in part:

> **(a) Power to Answer.**  The Supreme Court may answer questions of law certified to it by the Supreme Court of the United States, a Court of Appeals of the United States or of the District of Columbia, a United States District Court, or a United States Bankruptcy Court when requested by the certifying court, if there are involved in any proceeding before those courts questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court of this state.

---

[6] It was later learned by the Court during the hearing on Platinum Realty's Motion for Preliminary Injunction that Lee died sometime in 2010.  His estate has not come forward claiming any interest in the Property.

>   **(b) Method of Invoking.**  This Rule may be invoked by an order of any of the courts referred to in Rule 5(a) upon the court's own motion or upon the motion of any party to the cause.
>   **(c) Contents of Certification Order.**  A certification order shall set forth:
>     (1) The questions of law to be answered;
>     (2) A statement of all facts relevant to the questions certified;
>     (3) The nature of the controversy in which the questions arose;
>     (4) A designation of the party or parties who will be the appellant(s) and the party or parties who will be the respondent(s) in the Supreme Court;
>     (5) The names and addresses of counsel for the appellant and respondent; and
>     (6) Any other matters that the certifying court deems relevant to a determination of the questions certified.

Nev. R. Appellate P. 5(a)-(c).

## III. DISCUSSION

Chapter 116 of Nevada Revised Statutes codifies Nevada's Uniform Common-Interest Ownership Act, and, with some exceptions, applies to all common-interest communities created in Nevada, including associations of unit owners organized under a properly recorded declaration. Nev. Rev. Stat. §§ 116.001, -.1201, -.2101, -.3101.

"Every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." Nev. Rev. Stat. § 116.1113.  "The principles of law and equity, including . . . the law of real property, and the law relative to capacity to contract, principal and agent" supplement the provisions of this chapter except to the extent these principles are inconsistent with its provisions. Nev. Rev. Stat. § 116.1108.

Under section 116.3116, an association has a lien on a unit for assessments levied against that unit. Nev. Rev. Stat. § 116.3116(1).  Such a lien is prior to all other liens and encumbrances, with certain exceptions. Nev. Rev. Stat. § 116.3116(2).

One exception to this priority rule is "[a] first security interest on the unit recorded before the date on which the assessment sought to be enforced became delinquent." Nev. Rev. Stat. § 116.3116(2)(b).  However, under the so-called "super-priority" provision, the lien is

prior to this security interest "to the extent of" charges under § 116.310312[7] and assessments for common expenses under § 116.3115 "which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien," unless federal regulations require a shorter period. Nev. Rev. Stat. § 116.3116(2).

Under section 116.31162, an association may foreclose its lien by sale under certain conditions. Nev. Rev. Stat. § 116.31162.  In 2013, the Nevada Legislature added a new provision, effective October 1, 2013, which applies "only with respect to trust agreements for which a notice of default and election to sell is recorded on or after October 1, 2013", and provides:

> The association may not foreclose a lien by sale if:
> (a) The unit is owner-occupied housing encumbered by a deed of trust;
> (b) The beneficiary under the deed of trust, the successor in interest of the beneficiary or the trustee has recorded a notice of default and election to sell with respect to the unit pursuant to subsection 2 of NRS 107.080; and
> (c) The trustee of record has not recorded the certificate provided to the trustee pursuant to subparagraph (1) or (2) of paragraph (d) of subsection 2 of NRS 107.086.

---

[7] The current full text of this provision is the following:

> The lien is also prior to all security interests described in paragraph (b) to the extent of ***any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of*** the assessments for common expenses based on the periodic budget adopted by the association pursuant to NRS 116.3115 which would have become due in the absence of acceleration during the 9 months immediately preceding institution of an action to enforce the lien, unless federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien.  If federal regulations adopted by the Federal Home Loan Mortgage Corporation or the Federal National Mortgage Association require a shorter period of priority for the lien, the period during which the lien is prior to all security interests described in paragraph (b) must be determined in accordance with those federal regulations, except that notwithstanding the provisions of the federal regulations, the period of priority for the lien must not be less than the 6 months immediately preceding institution of an action to enforce the lien.  This subsection does not affect the priority of mechanics' or materialmen's liens, or the priority of liens for other assessments made by the association.

Nev. Rev. Stat. § 116.3116(2) (emphasis added).  The clause, "any charges incurred by the association on a unit pursuant to NRS 116.310312 and to the extent of," and the entirety of § 116.310312 were added by the Nevada Legislature in 2009.  *See* Act of May 28, 2009, ch. 248, AB 361, 2009 Nev. Laws 1007.

> As used in this subsection, "owner-occupied housing" has the meaning ascribed to it in NRS 107.086.

Act of June 12, 2013, ch. 536, AB 273, 2013 Nev. Laws 3483 (current version at Nev. Rev. Stat. § 116.31162(6)).

Here, because Platinum Realty contends that Wells Fargo's interest was extinguished by the foreclosure sale, the question of law that may determine the outcome of this action is whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162. The Court finds that the Nevada Supreme Court has not directly addressed the question and there appears to be no controlling precedent in the decisions of the Nevada Supreme Court. Accordingly, as discussed at the hearing, the Court will certify the following question of law:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that the following question of law is **CERTIFIED** to the Nevada Supreme Court pursuant to Rule 5 of the Nevada Rules of Appellate Procedure:

> Whether the prioritization of liens pursuant to Nev. Rev. Stat. § 116.3116 may have the effect of extinguishing the interest of a holder of a first security interest under a deed of trust secured by the unit where an association forecloses its delinquent assessments lien by sale pursuant to Nev. Rev. Stat. § 116.31162.

*See* Nev. R. App. P. 5(c)(1). The nature of the controversy and a statement of facts are discussed above. *See* Nev. R. App. P. 5(c)(2)–(3). Platinum Realty is designated as the Appellant, and Wells Fargo is designated as the Respondent. *See* Nev. R. App. P. 5(c)(4). The

names and addresses of counsel are as follows:

| **Appellant/Plaintiff Platinum Realty** | **Respondent/Defendant Wells Fargo** |
|---|---|
| Richard L. Tobler<br>Nevada Bar No. 4070<br>rltltdck@hotmail.com | Chelsea Crowton<br>Nevada Bar No. 11547<br>Email: ccrowton@wrightlegal.net |
| Richard L. Tobler, Ltd.<br>3654 N. Rancho Drive<br>Las Vegas, NV 89130<br>(702) 256-6000<br>Fax: (702) 256-2248 | Wright, Finlay & Zak, LLP<br>5532 S. Fort Apache Road<br>Las Vegas, NV 89148<br>(702) 475-7964<br>Fax: (702) 946-1345 |

*See* Nev. R. App. P. 5(c)(5).  Further elaboration upon the certified question is included in this Order. *See* Nev. R. App. P. 5(c)(6).

**IT IS FURTHER ORDERED** that the Clerk shall forward a copy of this Order to the Clerk of the Nevada Supreme Court under the official seal of the United States District Court for the District of Nevada. *See* Nev. R. App. P. 5(d).

**IT IS FURTHER ORDERED** that all other pending motions are **DENIED without prejudice**, with permission to re-file upon resolution of the Court's Certified Question to the Nevada Supreme Court.

**IT IS FURTHER ORDERED** that, beginning June 1, 2014, and every three months thereafter, the parties shall submit a Joint Status Report, including a statement from Platinum Realty affirming that all taxes, fees and maintenance fees are current and up to date.

**DATED** this 17th day of March, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge